JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
PAUL M. KAKUSKE (Bar No. 190911)
paul.kakuske@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

NATALIE J. SPEARS
(*pro hac vice* application to be filed)
Natalie.spears@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606-6306
Telephone: (312) 876-8000
Facsimile: (312) 876-7934

Attorneys for Defendant
Moo Media Group, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSTANT CHECKMATE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOO MEDIA GROUP, INC., a Delaware corporation; ANDRE HASNA, an individual; PATRIOT LIBERTY, an unincorporated business entity; TRUTH ABOUT PRIVACY, an unincorporated business entity; and PATRIOT SURVIVAL PLAN, an unincorporated business entity,<br><br>Defendants. | 14-cv-0584 JLS (JMA)<br><br>**DEFENDANT MOO MEDIA GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

82184684\V-4

Defendant Moo Media Group, Inc. ("Moo Media") hereby answers the Complaint for Copyright Infringement (the "Complaint") of Plaintiff Instant Checkmate, Inc. ("Plaintiff" or "ICM") as follows:

## RESPONSE TO ALLEGATIONS IN SECTION TITLED "INTRODUCTION"

1. As to the allegations of Paragraph 1, Moo Media admits that Plaintiff's Complaint purports to assert a claim for copyright infringement. Moo Media denies that Plaintiff has adequately stated a claim upon which relief can be granted.

2. As to the allegations of Paragraph 2, Moo Media lacks sufficient knowledge or information to form a belief as to ICM's motivation for bringing this action, and on that basis denies each and every allegation contained in that Paragraph.

3. As to the allegations of Paragraph 3, Moo Media denies the allegations of that Paragraph.

## RESPONSE TO ALLEGATIONS IN SECTION TITLED "PARTIES"

4. As to the allegations of Paragraph 4, Moo Media admits that it is incorporated under the laws of the State of Delaware. Moo Media denies that it maintains its principal place of business in San Diego County, California.

5. As to the allegations of Paragraph 5, Moo Media admits that it is incorporated under the laws of the State of Delaware. Except as so admitted, Moo Media denies the remaining allegations of Paragraph 5.

6. As to the allegations of Paragraph 6, Moo Media denies that its current Chief Marketing Officer is Andre Hasna. As to the remaining allegations of Paragraph 6, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

7. As to the allegations of Paragraph 7, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

8. As to the allegations of Paragraph 8, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

9. As to the allegations of Paragraph 9, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

## RESPONSE TO ALLEGATIONS IN SECTION TITLED "JURISDICTION AND VENUE"

10. As to the allegations of Paragraph 10, to the extent that the allegations call for a legal conclusion, they require no response from Moo Media. To the extent any of the remaining allegations in Paragraph 10 are factual in nature, Moo Media denies those allegations.

11. As to the allegations of Paragraph 11, to the extent that the allegations call for a legal conclusion, they require no response from Moo Media. Moo Media lack sufficient knowledge or information to form a belief as to the truth of the allegation that ICM has "headquarters . . . in this judicial district," and on that basis denies that allegation. To the extent any of the remaining allegations in Paragraph 11 are factual in nature, Moo Media denies those allegations.

12. As to the allegations of Paragraph 12, to the extent that the allegations call for a legal conclusion, they require no response from Moo Media. To the extent any of the allegations in Paragraph 12 are factual in nature, Moo Media denies each and every allegations set forth in that Paragraph.

## RESPONSE TO ALLEGATIONS IN SECTION TITLED "FACTS AND BACKGROUND"

13. As to the allegations of Paragraph 13, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

14. As to the allegations of Paragraph 14, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

15. As to the allegations of Paragraph 15, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

16. As to the allegations of Paragraph 16, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

17. As to the allegations of Paragraph 17, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

18. As to the allegations of Paragraph 18, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

19. As to the allegations of Paragraph 19, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

20. As to the allegations of Paragraph 20, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

21. As to the allegations of Paragraph 21, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies each and every allegation contained in that Paragraph.

22. As to the allegations of Paragraph 22, Moo Media admits that it operates the website www.moomediagroup.com. As to the remaining allegations of Paragraph 22, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and on that basis denies those allegations.

23. As to the allegations of Paragraph 23, Moo Media denies that Andre Hasna is currently Moo Media's Chief Marketing Officer. As to the remaining allegations of Paragraph 23, Moo Media lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies those allegations.

**RESPONSE TO ALLEGATIONS IN SECTION TITLED " FIRST CLAIM -- COPYRIGHT INFRINGEMENT OF WEBSITE"**

24. As to the allegations of Paragraph 24, Moo Media realleges and incorporates by reference the allegations contained in Paragraph 1 though 23 above, as though fully set forth in this paragraph.

25. As to the allegations of Paragraph 25, Moo Media denies the allegations of that Paragraph.

26. As to the allegations of Paragraph 26, Moo Media denies the allegations of that Paragraph.

27. As to the allegations of Paragraph 27, Moo Media denies the allegations of that Paragraph.

28. As to the allegations of Paragraph 28, Moo Media denies the allegations of that Paragraph.

29. As to the allegations of Paragraph 29, Moo Media denies the allegations of that Paragraph.

30. As to the allegations of Paragraph 30, Moo Media denies the allegations of that Paragraph.

31. As to the allegations of Paragraph 31, Moo Media denies the allegations of that Paragraph.

32. As to the allegations of Paragraph 32, Moo Media denies the allegations of that Paragraph.

33. As to the allegations of Paragraph 33, Moo Media denies the allegations of that Paragraph.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

82184684\V-4

- 5 -

DEFENDANT MOO MEDIA GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

34. As to the allegations of Paragraph 34, Moo Media denies the allegations of that Paragraph.

### RESPONSE TO ALLEGATIONS IN SECTION TITLED "SECOND CLAIM -- COPYRIGHT INFRINGEMENT OF SOURCE CODE"

35. As to the allegations of Paragraph 35, Moo Media realleges and incorporates by reference the allegations contained in Paragraph 1 though 34 above, as though fully set forth in this paragraph.

36. As to the allegations of Paragraph 36, Moo Media denies the allegations of that Paragraph.

37. As to the allegations of Paragraph 37, Moo Media denies the allegations of that Paragraph.

38. As to the allegations of Paragraph 38, Moo Media denies the allegations of that Paragraph.

39. As to the allegations of Paragraph 39, Moo Media denies the allegations of that Paragraph.

40. As to the allegations of Paragraph 40, Moo Media denies the allegations of that Paragraph.

41. As to the allegations of Paragraph 41, Moo Media denies the allegations of that Paragraph.

42. As to the allegations of Paragraph 42, Moo Media denies the allegations of that Paragraph.

43. As to the allegations of Paragraph 43, Moo Media denies the allegations of that Paragraph.

44. As to the allegations of Paragraph 44, Moo Media denies the allegations of that Paragraph.

### ADDITIONAL DEFENSES

Without assuming any burden or obligation other than that imposed by operation of law, Defendant Moo Media assert the following defenses relating to Plaintiff's allegations:

### FIRST DEFENSE
(Failure to State a Claim Upon Which Relief Can be Granted)

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Lack of Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendant Moo Media.

### THIRD DEFENSE
(Improper Venue)

The Southern District of California is not a proper venue for this action.

### FOURTH DEFENSE
(Forum Non Conveniens)

The convenience of parties and witnesses compels the dismissal, transfer, or stay of this action.

### FIFTH DEFENSE
(Plaintiff's Acts or Omissions)

Plaintiff cannot recover for certain alleged damages because those damages, if any, were incurred as a proximate result of Plaintiff's own statements, acts and/or omissions.

### SIXTH DEFENSE
(Comparative Fault)

The alleged causes of action are barred and/or Plaintiff's recovery, if any, should be reduced to the extent Plaintiff's alleged damages were the result of their comparative fault.

### SEVENTH DEFENSE
(Acts/Omissions of Third Parties)

Any and all injuries and damages alleged by Plaintiff in the Complaint, the fact and extent of which are expressly denied by Moo Media, were directly and proximately caused, and/or contributed to, by the statements, acts and/or omissions of third persons or entities separate and apart from Moo Media.

### EIGHTH DEFENSE
(Negligence of Others)

If Plaintiff suffered or sustained any damages as alleged in the Complaint, the damage was proximately caused and contributed to by persons other than Moo Media, and liability of all responsible parties, named or unnamed, should be apportioned according to the relative degree of fault and the liability of Moo Media should be reduced accordingly.

### NINTH DEFENSE
(Good Faith)

Plaintiff cannot recover certain damages because Moo Media acted at all times in good faith, reasonably, and without any actual or constructive knowledge of any alleged breach of any contractual or other duty allegedly owed to Plaintiff, or any other wrong done to Plaintiff.

### TENTH DEFENSE
(Estoppel)

Plaintiff is equitably estopped from claiming any liability on the part of Moo Media on any of the matters alleged in the Complaint.

### ELEVENTH DEFENSE
(Consent)

Plaintiff consented to and approved acts and omissions alleged in the Complaint. Therefore, Plaintiff is barred from pursuing their purported claims.

### TWELFTH DEFENSE
(Implied Consent)

Plaintiff, through its actions and conduct, impliedly consented to and approved the acts and omissions alleged in the Complaint. Therefore, Plaintiff is barred from pursuing its purported claims.

### THIRTEENTH DEFENSE
#### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver, in that, by its knowing conduct, upon which Moo Media relied, Plaintiff relieved Moo Media of any obligation and/or duties alleged in the Complaint.

### FOURTEENTH DEFENSE
#### (Laches)

Plaintiff's claims against Moo Media are barred by the doctrine of laches in that to the prejudice of Moo Media, Plaintiff has unjustifiably and unreasonably delayed bringing this action.

### FIFTEENTH DEFENSE
#### (Unclean Hands)

Plaintiff's claims are barred in whole or in part because Plaintiff came into court with unclean hands.

### SIXTEENTH DEFENSE
#### (Unjust Enrichment)

Any damages or monetary relief should be barred because any monetary recovery by Plaintiff in this action would result in an unjust enrichment.

### SEVENTEENTH DEFENSE
#### (Failure to Mitigate Damages)

Any damages or losses suffered by Plaintiff resulted from Plaintiff's failure to take reasonable and necessary steps to mitigate, lessen, reduce and minimize those damages and losses. Moo Media should not be liable for damages or losses that Plaintiff failed to mitigate.

### EIGHTEENTH DEFENSE

(Valid Business Purpose)

Plaintiff's claims are barred because the alleged conduct of Moo Media was at all times justified, fair, and undertaken in the good faith exercise of a valid business purpose.

### NINETEENTH DEFENSE

(Statutes of Limitations)

Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 337 and 338, and all other applicable limitations, statutes, and requirements.

### TWENTIETH DEFENSE

(Accord and Satisfaction)

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### TWENTY-FIRST DEFENSE

(Release)

Plaintiff's claims are barred because Moo Media was released from all liability to Plaintiff in exchange for adequate consideration provided by Moo Media and accepted by Plaintiff.

### TWENTY-SECOND DEFENSE

(Settlement)

Plaintiff's claims are barred because Plaintiff agreed to and did settle any potential claims or disputes with Moo Media.

### TWENTY-THIRD DEFENSE

(Unconstitutionality of Punitive Damages)

Although Moo Media denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, to the extent that any such act is found, recovery of punitive damages against Moo Media is unconstitutional under numerous provisions of the United States Constitution including, without limitation, the Excessive Fines clause of the Eighth Amendment,

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

the Due Process clause of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution.

## TWENTY-FOURTH DEFENSE
### (Set Off)

Without conceding that any act of Moo Media caused damage to any class member in any respect, Moo Media is entitled to offset and recoup against any judgment that may be entered for Plaintiff all obligations of Plaintiff owing to Moo Media.

## TWENTY-FIFTH DEFENSE
### (Non-infringement)

Moo Media does not infringe and has not infringed any valid and enforceable copyright.

## TWENTY-SIXTH DEFENSE
### (Copyright Invalidity)

Plaintiff's claims are barred, because it does not own, does not possess, is not exclusive licensees of, and/or otherwise does not have a valid copyright with which to assert in this action.

## TWENTY-SEVENTH DEFENSE
### (Copyright Misuse)

Upon information and belief, Plaintiff's claims with respect to the asserted copyrights are barred by the doctrine of misuse of copyright.

## TWENTY-EIGHTH DEFENSE
### (Lack of Ownership/Standing)

On information and belief, Plaintiff lacks standing to sue, because it is not the rightful owner of the claimed copyright.

## TWENTY-NINTH DEFENSE
### (Limitation on Damages)

82184684\V-4

- 11 -

DEFENDANT MOO MEDIA GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

On information and belief, Plaintiff lacks standing to sue, because it is not the rightful owner of the claimed copyright.

### THIRTIETH DEFENSE
(Fair Use)

Plaintiff's claims are barred by the fair use doctrine.

### THIRTY-FIRST DEFENSE
(Failure to Timely Register)

Plaintiff's prayer for damages, if any, may be limited by its failure to timely register their copyright.

### THIRTY-SECOND DEFENSE
(*De Minimis* Copying)

Plaintiff's claims for copyright infringement are barred by the doctrine of *de minimis* copying (if any), as any protectable portions of the works that are the subject of the asserted copyrights have been and are *de minimis*.

### THIRTY-THIRD DEFENSE
(Independent Creation)

Plaintiff's claims for copyright infringement are barred, because the accused product was created independently and without reference to any works protected by the asserted copyrights.

### THIRTY-FOURTH DEFENSE
(Elements Not Protected by Copyright)

Plaintiff's claims are barred to the extent that Plaintiff claims rights to elements in its work that are functional, are not original, or are otherwise not protectable by copyright and/or are not protected by the asserted copyrights.

### THIRTY-FIFTH DEFENSE
(License, Consent, Acquiescence, and Waiver)

Plaintiff's claims are barred by license, consent, and/or acquiescence.

## RESERVATION OF DEFENSES

Defendant Moo Media reserves reserve all defenses under the Federal Rules of Civil Procedure, the Copyright Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

82184684\V-4

- 13 -

DEFENDANT MOO MEDIA GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

## PRAYER FOR RELIEF

WHEREFORE, Defendant Moo Media requests that this Court:

    A.    Enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice;

    B.    Award Defendant its costs in defending against Plaintiff's claims; and

    C.    Award Defendant such other and further relief as the Court may deem just and appropriate.

Dated:    May 7, 2014        DENTONS US LLP

By: /s/ Paul M. Kakuske
Paul M. Kakuske

Attorneys for Defendant
Moo Media Group, Inc.

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 601 South Figueroa Street, Suite 2500, Los Angeles, California 90017-5704.

I hereby certify that on May 7, 2014, I electronically filed the document described as **DEFENDANT MOO MEDIA GROUP, INC.'S RESPONSE TO PLAINTIFF INSTANT CHECKMATE, INC.'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

## SERVICE LIST

Tamany Vinson Bentz    *Attorneys for Plaintiff*
(tjbentz@venable.com)
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
T: (310) 229-9900
F: (310) 229-9901

Joshua J. Kaufman
(jjkaufman@venable.com)
Damon W.D. Wright
(dwright@venable.com)
Venable LLP
575 7th Street NW
Washington, DC 20004
T: (202) 344-4000
F: (202) 344-8300

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 7, 2014, at Los Angeles, California.

_____
Russell P. Ritchie

82184684\V-4

DEFENDANT MOO MEDIA GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300